**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beatrice Mills, ) | No. CV 11-968-PHX-FJM |
| )  Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) Bristol-Myers Squibb Company, et. al., ) | |
| )  Defendants. ) | |
| ) | |

We have before us defendants' motion to dismiss (doc. 8), plaintiff's response and motion to amend (doc. 17), and defendants' reply and response to motion to amend (doc. 19).

Plaintiff's complaint seeks damages for injuries allegedly suffered as a result of taking the prescription medicine Plavix. Plaintiff filed her complaint in the Superior Court of Arizona in Maricopa County and amended it on January 19, 2011. Defendants timely removed the action here on the basis of diversity jurisdiction. Plaintiff alleges: 1) strict products liability; 2) intentional infliction of emotional distress; 3) negligent infliction of emotional distress; 4) common law fraud; 5) negligence; and, 6) negligent misrepresentation; 7) fraudulent misrepresentation; and 8) breach of express and implied warranties.

Defendants move to dismiss plaintiff's complaint pursuant to Rule 12(c), Fed. R. Civ. P.[1] Defendants argue that the First Amended Complaint ("FAC") fails to plead sufficient facts to support any of plaintiff's legal claims and should be dismissed on the basis of Rules

---

[1] Defendants filed an answer concurrently with their notice of removal, and therefore move pursuant to Rule 12(c) rather than Rule 12(b), Fed. R. Civ. P.

1    8 and 9, Fed. R. Civ. P. Plaintiff's response does not really address the purported deficiencies
2    in the complaint.  Instead, the response asserts more generalized and conclusory arguments
3    and attempts to contend that the pleading standards articulated in <u>Bell Atlantic Corp v.</u>
4    <u>Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955 (2007), and <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct.
5    1937 (2009) do not apply to this complaint.

6         The plausibility standard set forth in both <u>Twombly</u> and <u>Iqbal</u> applies to all civil
7    actions, including this one. <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 n. 7 (9th Cir.
8    2009).  Our district has specifically applied the pleading standard to products liability claims
9    against pharmaceutical manufacturers. <u>See e.g.</u> <u>Gilmore v. DJO, Inc.</u>, 663 F. Supp. 2d 856
10   (D. Ariz. 2009).  We reject any argument to the contrary.  Therefore, to avoid dismissal,
11   plaintiff must aver in the complaint "enough facts to state a claim to relief that is plausible
12   on its face." <u>Twombly</u>, 550 U.S. at 557, 127 S.Ct. at 1966.  While Rule 8 does not require
13   detailed factual allegations, "labels and conclusions" or "a formulaic recitation of the
14   elements of a cause of action will not do." <u>Id.</u> at 555, 1965.

15        Here, plaintiff's complaint fails to allege the factual content necessary for legal
16   plausibility.  As defendants point out, facts specific to this plaintiff are set forth in just one
17   paragraph of the 123 paragraphs of the FAC.  Plaintiff claims she was prescribed Plavix on
18   January 7, 2009 by Dr. L. Xavier.  On January 12, 2009, plaintiff began to hemorrhage and
19   sought medical treatment.  On January 20 she was released from the hospital, only to be
20   readmitted on January 25, 2009 for continual clotting and bleeding problems.  She was
21   eventually discharged on January 30, 2009. <u>FAC</u> ¶ 31.  Other than these factual allegations,
22   the FAC is completely devoid of any facts linking the behavior of defendants to plaintiff.

23        For example, plaintiff pleads claims for fraud and misrepresentation.  Such claims
24   must be pled with particularity.  Fed. R. Civ. P. 9(b).  Here, the FAC lacks any facts that
25   could support a nexus between defendants' purportedly deceptive practices and plaintiff's
26   injuries.  Plaintiff alleges that "defendants fraudulently and aggressively promoted Plavix
27   drug products to physicians for use in patients, such as Plaintiff, through medical journal
28   advertisements, use of mass mailings, and direct communications, as well as other

- 2 -

1  promotional materials including package inserts, physician desk reference, monographs and
2  patient procures, leaflets and hand outs as these materials downplayed the significance of the
3  adverse effects of Plavix." FAC ¶ 35. Plaintiff wholly fails, however, to identify any
4  specific advertisement that she or her prescribing physician viewed. Plaintiff's reference to
5  three FDA letters dated 1998 and 2001 regarding Plavix promotional materials is immaterial,
6  absent any allegations that her prescribing physician actually saw, let alone, relied on any of
7  the materials. Nor has plaintiff alleged that her physician actually received any other
8  misrepresentations of fact from defendants and relied on them in deciding to prescribe Plavix
9  to plaintiff. These facts are not solely in the control of defendants. See Street v. Bristol-
10 Myers Squibb Co., No. 3:07-cv-1182 (FLW), 2009 WL 5216989, (D. N.J. Dec. 30, 2009).
11 Plaintiff could have contacted her physician to determine the facts necessary to plead fraud
12 with particularity. Plaintiff's reliance on generic, boilerplate allegations does not suffice. See
13 id. Plaintiff's claims for fraud and misrepresentation fail under Rule 9(b), Fed. R. Civ. P.
14      We dismiss plaintiff's other claims for failure to comply with Rule 8, Fed. R. Civ. P.
15 Plaintiff's allegations are conclusory and lack factual content. Plaintiff alleges strict products
16 liability based on both a failure to warn theory and a design defect theory. Plaintiff also
17 premises her negligence claim on these theories. Under either theory plaintiff must show that
18 the product was in a defective condition when it left the defendants' hands, that the defect
19 made the product unreasonably dangerous, and that the defect was a proximate cause of
20 plaintiff's injuries. Southwest Pet Products, Inc. v. Koch Industries, 273 F.Supp.2d 1041,
21 1051 (D. Ariz. 2003) (internal citations omitted). Plaintiff, however, fails to allege how the
22 product was defective or how the defect was the proximate cause of her injuries. In her
23 response, plaintiff argues that the drug was defective and/or unreasonably dangerous because
24 it caused plaintiff "to hemorrhage within days of her initial usage, suffer excessive bleeding
25 complications, and forced her hospitalization for almost a month." Response at 10. This
26 does not allege how the product itself is defective, it only alleges the harm plaintiff suffered
27 after taking Plavix, which may or may not have been caused by the drug. Plaintiff should
28 plead more specific facts about how Plavix is defective and how it was the proximate cause

1   of her particular injury.

2         As for the failure to warn claim, plaintiff must show that the product was defective
3   because it contained an inadequate warning. Plaintiff does not plead any facts about what
4   the Plavix label said or how it was deficient. <u>See e.g.</u>, <u>Dyer v. Best Pharmacal</u>, 118 Ariz.
5   465, 468, 577 P.2d 1084, 1087 (Ct. App. 1978) (stating that "[t]he package insert, . . . is very
6   relevant). Moreover, the warning did describe a risk of excessive bleeding.[2]

7         Therefore, we dismiss the strict liability and negligence claims. Having found that
8   plaintiff fails to plead a plausible strict liability claim, we also dismiss her breach of implied
9   warranty claim.[3] <u>See</u> <u>Hearn v. R.J. Reynolds Tobacco Co.</u>, 279 F. Supp. 2d 1096, 1103 (D.
10  Ariz. 2003) (stating that "in Arizona, when a complaint alleges product liability claims under
11  theories of both breach of implied warranties and strict liability, those theories merge").

12        We similarly dismiss plaintiff's negligent and intentional infliction of emotional
13  distress claims. To recover on an emotional distress claim, plaintiff must allege that
14  defendants' conduct was extreme or outrageous, defendants intended to cause harm or
15  "recklessly disregarded the near certainty that such distress will result from [their] conduct,"
16  and that this conduct caused plaintiff to suffer severe emotional distress. <u>Ford v. Revlon, Inc.</u>
17  153 Ariz. 38, 43, 734 P.2d 580, 585 (1987). The complaint does not allege what conduct was

---

[2] We may consider the Plavix label attached as an exhibit to defendants' motion to dismiss, Ex. A, because it is a matter of public record. <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001) (stating that a "court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment"); <u>see also</u> <u>Adamson v. Ortho-McNeil Pharm., Inc.</u>, 463 F. Supp. 2d 496, 500-01 (D. N.J. 2006) (considering a drug packaging insert on a motion to dismiss). Plaintiff also referred to the label in the FAC. <u>FAC</u> ¶ 32.

[3] Plaintiff also alleges an express warranty claim. An express warranty claim requires a showing that the seller made an affirmation of fact or promise that became the basis of the bargain. Plaintiff has not alleged any express warranty that defendants allegedly made. Conclusory assertions such as, "defendants made representations to plaintiff about the quality or characteristics of Plavix by affirmation of fact, promise and/or description" do not suffice. <u>FAC</u> ¶ 119. Plaintiff must actually identify what representations were made to her and how they became the basis of the bargain.

1  extreme or outrageous. The conduct plaintiff alleges in regard to this claim is defendants'
2  "withholding information of known design and manufacturing defects." Plaintiff fails to
3  allege what the design defect is, so we have no way of knowing if such conduct is
4  outrageous. Moreover, plaintiff does not allege that she ever saw the promotions or studies
5  indicative of a design defect, and in turn, fails to allege that defendants' conduct was intended
6  to cause, or recklessly caused, her emotional distress. And finally, simply alleging that
7  plaintiff has suffered "severe and permanent injuries" and "embarrassment and humiliation"
8  without more facts is insufficient to plead severe emotional distress.

9  Plaintiff requests leave to amend if the complaint is dismissed. We have broad
10 discretion in deciding whether to grant or deny leave to amend. Chappel v. Lab Corps. of
11 Am., 232 F.3d 719, 725-26 (9th Cir. 2000). Futility is a proper basis to deny leave to amend.
12 Id. Here, we have no way of determining whether amendment would be futile because
13 plaintiff did not include a proposed amended complaint as required by LRCiv. 15.1.
14 Therefore, we deny leave to amend, without prejudice to plaintiff renewing her motion in a
15 manner that complies with LRCiv. 15.1. There is a Rule 16 Scheduling Conference set for
16 August 26, 2011. Plaintiff must file a motion for leave to amend one week after that
17 conference or else we will dismiss this action with prejudice.

18 **THEREFORE IT IS ORDERED GRANTING** defendants' motion to dismiss (doc.
19 8). **IT IS FURTHER ORDERED DENYING** plaintiff's motion to amend without prejudice
20 (doc. 17). Plaintiff may file a motion for leave to amend with the proposed amended
21 complaint on or before September 2, 2011 or else this case shall be dismissed with prejudice.
22 DATED this 11th day of August, 2011.

24 _____
        Frederick J. Martone
25      United States District Judge